UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03470-VAP (JDE) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Kannon Robinson v. Robert Ayala, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order to Show Cause re Service

On April 14, 2020, Plaintiff Kannon Robinson ("Plaintiff"), proceeding pro se, filed pro se a Civil Rights Complaint against the Robert Ayala, Marcela Corona, and Joscelyn Olmos ("Defendants"). Dkt. 1 ("Complaint"). On April 16, 2020, summonses were issued as to the Defendants in their respective individual capacities. Dkt. 7. Also on April 16, 2020, the Court issued an Order that provided, among other things:

> Plaintiff is responsible for requesting and obtaining summons(es) and is ordered to promptly proceed with proper and lawful service of the summons and complaint on each named defendant. Service must comply with the provisions of Rule 4, Federal Rules of Civil Procedure. Plaintiff shall file the Proof(s) of Service showing proper service upon each defendant within 90 days of filing the complaint, by July 13, 2020. Non-compliance may result in . . . dismissal of any defendant not properly and timely served.

Dkt. 8 ("Service Order"). On July 1, 2020, Plaintiff filed a document titled "Proof of Service" that states that Plaintiff, not a third-party or process server, served "Robert Ayala" with "Civil Rights 1983 Complaint" on June 30, 2020, by United States mail. Dkt. 10 ("Proof of Service"). As of the date of this Order, Plaintiff did not file any purported proof of service relating to any other defendant as of the date of this Order. No Defendant has appeared as of the date of this Order.

Service under Rule 4 of the Federal Rules of Civil Procedure requires service of "both the summons and the complaint . . . within the time allowed by Rule 4(m)" to effect proper service. See Fed. R. Civ. P. 4(c)(1). A party to the action may not effect such service. See Fed. R. Civ. P. 4(c)(2). Under Rule 4(e), an individual defendant may be served with a summons and complaint by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; or (2) "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03470-VAP (JDE) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Kannon Robinson v. Robert Ayala, et al. | | |

resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P 4(e).

Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id. The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir. 1987) (ignorance of Rule 4 is not good cause for untimely service)). Further, unless service is waived, proofs of service must be provided to the Court. Fed. R. Civ. P. 4(l).

Here, Plaintiff filed this action more than 90 days from the date of this Order but has not filed any proof of service of the summons and complaint upon defendants Corona or Olmos. On July 1, 2020, Plaintiff filed the Proof of Service regarding defendant Ayala, but that document is facially deficient for several reasons. First, it states Plaintiff effected such service; however, under Rule 4(c)(2), Plaintiff may not properly effect such service. Second, the Proof of Service states service was effected by "United States mail"; however, Rule 4(e) does not authorize service by mail, without more. Third, the Proof of Service only reflects service of the Complaint, not the Summons. Thus, the Proof of Service does not show proper service of process upon defendant Ayala. Thus, Plaintiff has not filed proof of service reflecting timely, proper service of any defendant. Absent a showing of good cause by Plaintiff, the Court must dismiss the action under Rule 4(m).

Plaintiff is therefore ORDERED to show good cause in writing within fourteen (14) days of the date of this Order why this action should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve process upon any defendant.

Plaintiff is advised that if he fails to file a response within fourteen (14) days of the date of this Order, the Court may also recommend the dismissal of this action for lack of prosecution and for failure to comply with Court orders.

Initials of Clerk:   mba